1  SEAN M. NOVAK, ESQ. (Bar No. 198307)
**THE NOVAK LAW FIRM, P.C.**
2  2609 N. Sepulveda Blvd.
Manhattan Beach, CA 90266
3  Tel: (310) 921-8712
Fax: (310) 921-8732
4  smn@novaklawfirm.com

5  Attorney for Plaintiff
ANNAMARIE ATIBA

6

## UNITED STATES DISTRICT COURT-

7

## FOR THE CENTRAL OF CALIFORNIA

8

9  ANNAMARIE ATIBA,                  )    **CASE NO.:**
                                     )
10              Plaintiff,           )    **COMPLAINT FOR DAMAGES FOR:**
                                     )
11         v.                        )    **(1)    Gender/Sex Discrimination**
                                     )           **(California Gov. Code §12941 et**
12  THIRTY MADISON, INC.; DOES 1     )           **seq.)**
    through 20, inclusive; ROES 1 to 20, )  **(2)    Retaliation in Violation of FEHA**
13  inclusive,                       )           **and Labor Code § 1102.5 et seq.**
                                     )    **(3)    Harassment and Failure to Take**
14              Defendants.          )           **All Reasonable Steps Necessary to**
                                     )           **Prevent Discrimination(California**
15                                   )           **Government Code §12940(k))**
                                     )    **(4)    Wrongful Termination;**
16                                   )    **(5)    Racial Discrimination (California**
                                     )           **Gov. Code §12941 et seq.);**
17                                   )    **(6)    Violation of Business &**
                                     )           **Professions Code §17200 et seq.**
18                                   )    **(7)    Physical Disability Discrimination**
                                     )           **(California Gov. Code §12940(a) et**
19                                   )           **seq.);**
                                     )    **(8)    Failure To Make Reasonable**
20                                   )           **Accommodation For Physical**
                                     )           **Disability (California Gov. Code §**
21                                   )           **12940(m));**
                                     )    **(9)    Failure To Engage in the**
22                                   )           **Interactive Process**
                                     )           **(California Gov. Code § 12940(n)**
23                                   )           **et seq.);**
                                     )    **(10)   Violation of California Family**
24                                   )           **Rights Act (Gov. Code §12945.2 (et**
                                     )           **seq.)**
25                                   )    **(11)   Unpaid Overtime and Wages**
                                     )           **(Labor Code §510 et seq.)**
26                                   )
                                     )
27                                   )    **[DEMAND FOR JURY TRIAL]**
                                     )
28

-1-
*Complaint For Damages*

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

COMES NOW Plaintiff ANNAMARIE ATIBA and alleges as follows:

1. At all relevant times Plaintiff ANNAMARIE ATIBA (hereinafter referred to as "Plaintiff") was and is an individual who is a resident of the State of California, living in the County of Riverside, in the State of California.

2. Plaintiff is informed and believes, and thereon alleges, that at all relevant times Defendant THIRTY MADISON, INC (hereinafter referred to as "Defendant THIRTY MADISON") was and is a business entity, form unknown, authorized to conduct business, and conducting business, in the State of California. Defendant's principal place of business is believed to be the City of New York, in the State of New York.

3. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned Defendants THIRTY MADISON, DOES 1 to 20, inclusive, and ROES 1 to 20, inclusive, and each of them, were the agents, representatives and/or employees of each other and were acting within the purpose and scope of their agency. The acts and conduct alleged herein of each such defendant were known to, authorized and ratified by each such defendant.

4. Plaintiff alleges the following claims against Defendants THIRTY MADISON, DOES 1 to 20, inclusive, and ROES 1 to 20, inclusive for harassment, discrimination, retaliation, wrongful termination and all related claims. Furthermore, at all relevant times Plaintiff was acting as a loyal and honest employee, who acting out of integrity and values, "blew the whistle" on defendants' fraudulent misconduct, fraud on consumers, safety violations and violations of California Labor law. Defendants retaliated against Plaintiff based upon Plaintiff's lawful actions, and further discriminated against Plaintiff based upon Plaintiff's race and medical conditions.

### GENERAL ALLEGATIONS

5.     The true names, identities, or capacities whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 20, inclusive, are unknown to the Plaintiff, who therefore sues said defendants by such fictitious names.  When the true names, identities or capacities of such fictitiously designated defendants are ascertained, Plaintiff will ask leave of this court to amend this Complaint and to insert said true names, identities, and capacities, together with the proper charging allegations.

6.     Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a DOE is responsible in some manner and liable herein for negligent, wanton, reckless and tortious conduct, and by such wrongful conduct, proximately caused the Plaintiff's injuries and damages.

7.     At all relevant times herein, Defendants THIRTY MADISON and DOES 1 to 20, inclusive were the employer of Plaintiff and were listed as such on Plaintiff's W-2 forms and pay stubs pursuant to Government Code §12968 and Labor Code §226.

8.     Defendants DOES 1 through 10, were individuals or other entities that were the agents, employees, members, volunteers, servants, partners, representatives, independent contractors, joint venturers or other participants with or of Defendants and DOES 11 through 20, inclusive, and DOES 1 through 20, in doing the things hereinafter mentioned, were acting within the course and scope of said agency, employment, membership or other relationship with each of the other Defendants.  At all times herein mentioned, Defendants DOES 11 through 20 were employees of Defendants and DOES 1 through 10, inclusive, who held supervisory positions within the company (hereinafter referred to collectively as Defendants.)

9.     At all times herein mentioned, defendants, whether or not specifically identified or designated herein as a DOE, and each of them, were the agents, employees, servants, partners, independent contractors, joint venturers and participants with all other defendants, and with each other, and in doing the things hereinafter mentioned, were agents,

employees, servants, partners, joint venturers, and with the consent and permission of the co-defendants, and each of them.

10.     At all times herein, Defendants THIRTY MADISON, DOES 1 to 20, inclusive and ROES 1 to 20, inclusive were, and still are, vicariously liable for the conduct of its employees, supervisors and administrators and employees all of whom are employed by defendants and each of them.  Each defendant and employee, supervisor and administrator, were the agents, servants, and employees of the remaining co-defendants, and was acting within the scope and course of said agency and employment.  Reference made in this complaint to "defendants", shall be deemed to mean the acts of defendants acting individually, jointly, and/or severally.

11.     Defendants' managing agents, officers or directors approved, ratified and authorized the conduct of its mangers, administrators, supervisors, employees, and agents leading up to Plaintiff's ultimate termination.

12.     Plaintiff names said defendants herein, and each of them, because Plaintiff is in doubt and does not know exactly from which of the said defendants Plaintiff is entitled to redress in light of the fact that the injuries and damages to Plaintiff herein alleged were caused by the combined conduct of defendants, or one or more of them.  For that reason, Plaintiff names all of the said defendants, and asks that the Court determine the liability of each and all of the said defendants in this action and to what extent and what responsibility falls upon each of said defendants, and that the Court award judgment to Plaintiff as against such or all defendants, either jointly or separately, as may be found liable.

13.     There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants THIRTY MADISON, DOES 1 to 20, inclusive and ROES 1 to 20 such that any individuality and separateness between defendants is a fiction as each is the alter ego of each other.

*Complaint For Damages*

14. This action seeks all legal and equitable remedies for damages against defendants, and each of them, for pursuing specific discriminatory policies and practices that have damaged Plaintiff as set forth hereinafter.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. As alleged herein, Plaintiff was wrongfully terminated by defendants on or about August 15, 2024.

16. On or about June 18, 2025, Plaintiff filed a timely claim with the Department of Fair Employment and Housing (hereinafter "DFEH") properly naming Defendants concerning the unfair employment practices complained of herein.

17. On or about June 18, 2025 the DFEH notified Plaintiff by way of letter that Plaintiff's case against defendants was concluded, and that Plaintiff was entitled to file suit. A copy of the Complaint and Right to Sue letters were timely served on defendants.

18. All conditions precedent to jurisdiction under California Labor Code §2699 et seq. and FEHA have occurred because Plaintiff has timely filed this pending action within the statutory requirements for doing so under applicable state law.

## JURISDICTION AND VENUE

19. Plaintiff is informed and believes, and herein alleges, that this Court has Jurisdiction over the matter as there exists complete diversity of citizenship between the parties as defined under 28 U.S. Code §1332(a)(1) and the matter in controversy has a sum or value in dispute well in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of costs and interest.

20. The court is the proper court because the hiring, termination and retaliation suffered by Plaintiff occurred within this jurisdiction. The unlawful employment practices and other acts alleged herein were committed during the relevant time periods within the County of Los Angeles and the County of Riverside, in the State of California.

*Complaint For Damages*

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

21.   Plaintiff is an African-American Female who began working for Defendants in or about March, 2021.

22.  In or about February, 2024, while Plaintiff was employed with Defendants and each of them, she became aware that she was pregnant.

23.  On or about March 4, 2024, the Plaintiff informed her direct managers and supervisors of her pregnancy both verbally and in writing.

24.  On or about March 11, 2024, the Plaintiff was directed by her managers and supervisors to coordinate with Defendants' human resources manager and third party benefits provider regarding her pregnancy.  Plaintiff promptly reached out to the human resources manager and third party benefits provider to begin the process of scheduling pregnancy leave and obtaining other benefits offered by Defendants for pregnancy leave.

25.  On or about March 25, 2024, the Plaintiff communicated with her managers and supervisors in writing about her initial planning for scheduling pregnancy leave.

26.  Commencing in or about late-March, 2024 the Plaintiff began receiving harassing statements verbally and in writing from her managers and supervisors suddenly claiming, without factual basis, that there were "deficiencies" in Plaintiff's work.

27.  Plaintiff timely provided written refutation as to the harassment to her managers and supervisors.  In spite of this, her managers and supervisors began increasing their negative statements to Plaintiff, and began fabricating new and different claims of "deficiencies" in Plaintiff's performance.

28.  On or about June 27, 2024, the Plaintiff submitted a completed Family Medical Leave Act (FMLA) form to her managers and supervisors, advising of a planned FMLA leave to start on October 25, 2024 related to her pregnancy and anticipated delivery of her child.

*Complaint For Damages*

29.  On June 28, 2024, Plaintiff received a communication from her managers and supervisors providing an unsolicited and unscheduled "Performance Review" that included false and fabricated "performance deficiencies" and falsely claimed Plaintiff was not performing her job duties "satisfactorily".

30.  On or about June 28, 2024, the Plaintiff raised concerns to her managers and supervisors verbally and/or in writing advising them that she disputed the false claims in this sudden "Performance Review" and expressing concern that this was created as a retaliation for her scheduling a Family Medical Leave related to her pregnancy.

31.  As part of her disputation of the sudden and unscheduled negative "Performance Review", Plaintiff reminded her managers and supervisors that on July 5, 2023 she had been given a Promotion and pay increase because her performance had been "critical to the success of Thirty Madison in 2023" as stated by Defendants in writing at the time.

32.  Furthermore, Plaintiff reminded her managers and supervisors that she had just received a scheduled written Performance Evaluation from Defendants on February 26, 2024 wherein it was stated by Defendants that she was "Fully Meeting Expectations" and was given another pay increase because of her "ongoing dedication and commitment" to Defendants.

33.  Therefore, on and after June 28, 2024, Plaintiff advised her managers and supervisors verbally, and in writing, that she believed that this sudden negative "Performance Evaluation" dated June 28, 2025 appeared to be discrimination, harassment and retaliation directed at her because of her race, sex, gender, and medical disability in the form of Pregnancy.

34.  In response to Plaintiff's concerns, and as Plaintiff is informed and believes, in further retaliation for her expressing her concerns about unlawful misconduct by Defendants, on August 6, 2024 the Plaintiff's managers and supervisors conducted a surprise and previously unscheduled "Performance Review" meeting with Plaintiff.

*Complaint For Damages*

During this meeting, these managers and supervisors further communicated harassing and discriminatory statements to Plaintiff, including expressly referencing the "burden" Defendants believed it would experience by having Plaintiff absent for a scheduled maternity leave.  In so doing, Defendants' managing agents and authorized managers directly communicated to Plaintiff that they were giving Plaintiff a negative performance evaluation based on her requiring maternity leave.

35.    During this meeting on August 6, 2024 with managers and supervisors, Plaintiff expressly refuted any claim that any of her work performance was below expectations, and further expressly protested what she communicated appeared to be discrimination, harassment and retaliation directed at her because of her race, sex, gender, and medical disability in the form of Pregnancy by Defendants.

36.    On or about August 11, 2024 the Plaintiff communicated again verbally and in writing with her managers and supervisors to express her concern that she was being subjected discrimination, harassment and retaliation directed at her because of her race, sex, gender, and medical disability in the form of Pregnancy.

37.    On August 15, 2024 the Defendants, and each of them, wrongfully terminated Plaintiff's employment.

38.    Plaintiff is informed and believes, and thereupon alleges, that she was wrongfully terminated by Defendants, and each of them, as the ultimate form of discrimination, harassment and retaliation directed at her because of her race, sex, gender, and medical disability in the form of Pregnancy.

39.    Plaintiff further alleges that during Plaintiff's employment term, Defendants engaged in unlawful and illegal misconduct, including but not limited to discriminating against female African American employees, harassing female African American employees, discriminating against Plaintiff due to her sex, gender and physical disabilities, and Defendants engaging in fraudulent concealment of wage and hour violations; mis-

*Complaint For Damages*

classification of workers; failure and refusal to pay overtime wages to employees and other discriminatory employment practices and misconduct.

40.  As alleged herein, commencing in or about June, 2024, upon discovering the nature and extent of Defendants' intentional misconduct, Plaintiff began complaining to defendants concerning their unlawful actions, and made repeated requests that Defendants cease and desist in such misconduct.

41.  Defendants ignored Plaintiff's repeated requests that they cease and desist in their unlawful misconduct.

42.  Defendants further sought to enlist Plaintiff's aid in furthering their unlawful misconduct.

43.  Plaintiff refused to assist Defendants in their unlawful misconduct, and following their refusal to cease and desist in their unlawful misconduct, Plaintiff duly notified defendants that Plaintiff could no longer tolerate their violations.  As a result, Plaintiff advised Defendants that Plaintiff would be required to file complaints with the appropriate governmental agencies concerning Defendants' misconduct, including but not limited to, wrongful discrimination, wrongful harassment, wrongful retaliation and due to wage and hour violations, and other legal violations.

44.    In addition to harassing Plaintiff based on Plaintiff's race, ethnicity, sex, gender, and physical disability, between June, 2024 and August 15, 2024, Defendants, and each of them, began intentionally harassing Plaintiff, taking adverse employment actions against Plaintiff, and otherwise abusing Plaintiff at the workplace in retaliation for Plaintiff's refusal to participate in Defendants' unlawful misconduct, and to punish Plaintiff for Plaintiff's intent on reporting of Defendants' misconduct to appropriate government agencies.

45.  During this same time period, Defendants began regularly harassing Plaintiff, and discriminating against Plaintiff due to Plaintiff's race, ethnicity, sex, gender and medical conditions.  Plaintiff protested this harassment and discriminatory

mistreatment.  Plaintiff is informed and believes, and thereupon alleges, that Plaintiff's termination was in retaliation for Plaintiff's complaints about Defendants' engagement in unlawful misconduct.  Plaintiff is further informed and believes that Plaintiff's race, ethnicity, sex, gender and medical conditions was a substantial motivating factor in the Plaintiff's wrongful termination by Defendants.

## FIRST CAUSE OF ACTION

### (Gender/Sex Discrimination in Violation of Government Code §12941 et seq.)

(As Against All Defendants)

46.    Plaintiff incorporates herein by reference paragraphs 1 through 44, inclusive, as if fully set forth herein and with the same force and effect.

47.    Plaintiff identifies as an African American female.  Plaintiff is informed and believes that Plaintiff was wrongfully terminated, in part, due to discrimination by Defendants based upon Plaintiff's gender and/or sex.

48.    Plaintiff is informed and believes and based thereon alleges that at all times mentioned in this Complaint the Defendants, and each of them, regularly employed 5 or more persons, bringing defendants within the provisions of the Government Code Sections 12900 et. seq., which prohibits employers or their agents from various forms of discrimination.

49.    In performing the acts and omissions alleged hereinabove, the defendants, and each of them, have violated public policy and the guarantees and provisions of law embodied in California Government Code, §§12940, 12945 et seq.; California Labor Code §233; California Constitution, Article I, §8; relevant provisions of the California Fair Employment and Housing Act; and relevant provisions of the California Family Rights Act in that defendants, and each of them, have discriminated against and harassed Plaintiff on the basis of Plaintiff's gender, sex and/or related characteristics.

50.    The actions of Defendants in discriminating against Plaintiff based upon Plaintiff's gender, sex and/or related characteristics were ratified and approved by

Defendants THIRTY MADISON, DOES 1 to 20, inclusive and ROES 1 to 20 at all times. Furthermore, Plaintiff was ultimately wrongfully and unlawfully terminated based, in part, upon such complaints concerning Defendants' misconduct. The acts and omissions of the defendants, and each of them, in engaging in wrongful termination of Plaintiff were not based upon any legitimate employment reason or rationale.

51.    In performing the acts and omissions alleged hereinabove, the defendants, and each of them, have violated California public policy and the guarantees and provisions of law embodied in California <u>Government Code</u>, §12940 et seq., and other relevant law, in that defendants, and each of them, have discriminated against and harassed Plaintiff on the basis of Plaintiff's age, **race**, **ethnicity**, **sex**, national origin, **gender**, sexual orientation and/or **physical disability**.

52.    As a direct and proximate result of the unlawful and discriminatory actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff was caused to suffer, and continues to suffer severe emotional distress, embarrassment, shame, emotional pain and suffering, equal work conditions, equal employment privileges and/or job advancement, thereby causing Plaintiff to sustain general damage in an amount as yet unascertained but subject to proof.

53.    As a further direct and proximate result of the unlawful and discriminatory actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff suffered loss of earnings and earning capacity, all in an amount as yet unascertained but subject to proof.

54.    As a further direct and proximate result of the unlawful and discriminatory actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff has become emotionally distressed and physically ill, all to Plaintiff's damage in an amount as yet unascertained but subject to proof.

55.    As a further direct and proximate result of the unlawful and discriminatory actions undertaken and performed by the Defendants, and each of them, as set forth

hereinabove, Plaintiff has been denied interest on the principal amounts of earnings to which Plaintiff is due.

56.    As a further direct and proximate result of the unlawful and discriminatory actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff has incurred and will incur reasonable attorney fees in prosecuting this action.  Plaintiff is entitled to recovery of all said attorney fees pursuant to Sections 12940 and 12965 of the California Government Code.

57.    Plaintiff is informed and believes, and thereupon alleges, that Defendants acted against Plaintiff with intent to harm Plaintiff.  Plaintiff is further informed and believes, and thereupon alleges, that the misconduct of Defendants was approved and ratified by Defendants THIRTY MADISON, DOES 1 to 20, inclusive and ROES 1 to 20 and their corporate officers/managing agents.  The unlawful and discriminatory acts and omissions undertaken by the defendants, and each of them, as alleged hereinabove, were done willfully, oppressively and maliciously and with the intent to injure and oppress Plaintiff and, by reason thereof, Plaintiff is entitled to punitive and exemplary damages in an amount as yet unascertained but sufficient to punish and make an example of defendants, and each of them.

## SECOND CAUSE OF ACTION

### (RETALIATION IN VIOLATION OF FEHA AND LABOR CODE SECTION 1102.5, ET SEQ.)

(Alleged Against All Defendants)

58.  Plaintiff restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 57, inclusive, as though fully set forth herein.

59.  At all times herein, Plaintiff's employment was retaliated against, and ultimately terminated, in violation of the relevant provisions of the Department of Fair Employment and Housing and violation of  the protections of California Labor Code §§1102.5.  With regard to Defendants' violations of the Labor Code, Section 1102.5(b)-(f) expressly states:

(b)     An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(c)     An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

(d)     An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment.

(e)     A report made by an employee of a government agency to his or her employer is a disclosure of information to a government or law enforcement agency pursuant to subdivisions (a) and (b).

(f)     In addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section.

60.     Plaintiff was terminated by Defendants because Plaintiff protested unlawful mistreatment of herself and other similarly situated employees in Defendants' employment and because Plaintiff refused to participate in unlawful misconduct and because Plaintiff disclosed information to defendants that Plaintiff had reasonable cause to

-13-

believe Defendants were engaging in unlawful misconduct that constituted a violation of State or Federal law and that Defendants were required to report to a governmental agency, that Plaintiff did report such misconduct by Defendants to governmental agencies and/or that defendants feared Plaintiff would report to a governmental agency, and/or because Plaintiff refused to participate in activities that would result in a violation of State or Federal law. In so doing, Defendants violated Labor Code Section 1102.5 and California Government Code §12940(h) by retaliating against Plaintiff.

61.    Plaintiff is further informed and believes, and thereupon alleges, that Defendants, and each of them, commencing in or about June, 2024 knowingly and willfully violated Labor Code §98.6 by engaging in intentional harassment and discrimination against Plaintiff, retaliating against Plaintiff, and ultimately terminating Plaintiff in retaliation for her complaining about harassment, discrimination and retaliation by Defendants.  In Defendants engaging in such misconduct within ninety (90) days of performing prohibited actions, there is a legal presumption that Defendants knowingly and willfully engaged in such misconduct.

62.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code §3287 and/or any other provision of law providing for pre-judgment interest.

63.    As a result of the aforesaid acts of defendants, Plaintiff claims damages for emotional distress, general anxiety, grief, shame, humiliation, embarrassment, anger, disappointment and worry, all to Plaintiff's general damage, at a minimum, in excess of the maximum jurisdiction of the municipal court.

64.    As a further direct and proximate result of the wrongful conduct of Defendants, Plaintiff has suffered general damages, losses in earnings, bonuses, deferred compensation, employment benefits, earning capacity, opportunities for advancement, work experience, and

out-of-pocket expenses and consequential damages, with all of Plaintiff's damages in excess of the minimum subject matter jurisdiction of this Court and according to proof.

65.     The acts of Defendants and each of them were performed with the knowledge and threat of an employer's economic power over its employee.  The above described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights.  The acts and omissions to act by Plaintiff's supervisors, were approved, tolerated, ratified and condoned by Defendants.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code §3294.  Plaintiff requests an assessment of punitive damages against defendants, in an amount to be proven at time of trial.

66.     Plaintiff is entitled to recover statutory penalties under Labor Code §1102.5. Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code §1021.5) as well as Government Code § 12965(b).

## THIRD CAUSE OF ACTION

**(Harassment and Failure to Take All Reasonable Steps Necessary to Prevent Discrimination and Harassment from Occurring in Violation of California Government Code § 12940(k) et seq.)**

(Alleged By Plaintiff As Against All Defendants)

67.     The allegations set forth in Paragraphs 1 through 48 are re-alleged and incorporated herein by reference.

68.     At all times herein mentioned, the FEHA, Government Code §12940(k), was in full force and effect and binding on defendants.  These statutes required Defendants to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

-15-

*Complaint For Damages*

69.     At all relevant times Defendants failed to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Specifically, Plaintiff was subjected to harassment based upon Plaintiff's race, sex, gender and medical conditions, and repeatedly complained to Defendants' managing agents and officers of this unlawful mistreatment.  Defendants refused to take action to prevent the misconduct, and as a result, Defendants have violated its policies and practices, and committed unlawful discriminatory acts including but not limited to the following:

(a)     A pattern, policy and practice of disability, racial, age, ethnic, sex, disability and gender discrimination.

(b)     A policy, practice and procedure of unfair and discriminatory selection, transfer and reassignment for persons based upon their disability, age, race, ethnicity, sex, national origin and/or gender.

(c)     The total ineffectiveness, insensitivity, bias, futility, unreasonableness of defendants' human resources department and their management, administrators, directors, officers and staff, as well as the quality of any meaningful, internal complaint or grievance procedures or reviews.

(d)     Defendants' outright failure to take all reasonable steps necessary to prevent discrimination from occurring and to take measures that were reasonably calculated to end the discrimination against Plaintiff.

(e)     Defendants' failure to adequately train, discipline or monitor its managers, employees or agents after it had knowledge and notice of their discriminatory conduct toward Plaintiff;

(f)     Such other further unlawful misconduct as may not presently be known, but subject to discovery.

70.     By the use of such policies, practices and tactics against Plaintiff, Defendants and each of them, have violated the intent and goal of such equal employment opportunities program to eliminate discrimination and harassment against employees.

-16-

Plaintiff was further deprived of Plaintiff's employment and any promotional opportunities to advance within defendants' organization.

71.    Within the time provided by law, Plaintiff has filed Plaintiff's Complaints with the DFEH in full compliance with the administrative requirements and received a Right-to-Sue letter relating to Defendants' unlawful and discriminatory misconduct.

72.    As a proximate result of Defendants' willful, knowing and intentional failure to prevent discrimination and harassment Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

73.    As a proximate result of Defendants' willful, knowing, and intentional harassment, Plaintiff has suffered and continues to suffer general damages in a sum according to proof.

74.    Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code § 1021.5) as well as Government Code §12965(b).

75.    The acts of Defendants and each of them were performed with the knowledge and threat of an employer's economic power over its employee.  The above described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights.  The acts and omissions to act by Plaintiff's supervisors, were approved, tolerated, ratified and condoned by Defendants, and each of them.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code §3294.  Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

*Complaint For Damages*

**FOURTH CAUSE OF ACTION**

**(WRONGFUL TERMINATION IN VIOLATION OF FEHA AND PUBLIC POLICY)**

(Alleged Against All Defendants)

76.     Plaintiff restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 75, inclusive, as though fully set forth herein.

77.     Plaintiff's employment was terminated in violation of fundamental public policies of the State of California, including, without limitation, the right to oppose, complain about or object to fraud, efforts to cheat and deprive the public, efforts to defraud the State of California; efforts to defraud the United States government, unsafe and dangerous activities that threatened to cause harm and did cause harm to the public, activities designed to cause physical and financial harm to defendants' employees, as well as the right to object to and oppose retaliation for having reported, objected to and/or opposed Defendants' misconduct. These fundamental public policies inure to the benefit of the public, and not just the private interests of the employer and employee.

78.   The above acts by defendants, and each of them, were wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its laws, objectives and policies.  Said laws, which establish these fundamental public policies include, without limitation:  Labor Code Sections 201, 203, 204, 206.5, 218.5, 218.6, 226, 227.3, 510, 1102.5 and 6310; Business and Professions Code §2220 and related provisions of the Business and Professions Code.

79.     Plaintiff was terminated by Defendants in retaliation for complaints about their discrimination and harassment, and for reporting to them what Plaintiff reasonably believed in good faith and suspected was illegal conduct that harmed the public as well as Defendants's employees.  Plaintiff was terminated shortly after Plaintiff reported to higher management Plaintiff's complaints concerning Defendants' illegal activity and misconduct,

and shortly after Plaintiff refused to participate in or facilitate such unlawful misconduct by defendants.

80.     In violating California's Labor Code's prohibitions against terminating and discriminating against an employee based upon that employee's age, race, ethnicity, physical disability or complaints by Plaintiff to Plaintiff's employer concerning the employer's illegal business practices, defendants' termination of Plaintiff was in violation of fundamental public policies for the benefit of the public.  Specifically, the public policy behind those statutes was the prevention of retaliation against and termination of an employee who has complained to Plaintiff's employer about its illegal business practices.

81.     Plaintiff's complaints to Defendants concerning its illegal business practices, and Plaintiff's refusal to participate in Defendants' illegal schemes was a substantial motivating and substantial factor in Defendants' retaliation against Plaintiff and termination of Plaintiff's employment.

82.     Plaintiff further alleges that Plaintiff's race and/or racial characteristics, ethnicity, sex, gender, and/or physical disability was a substantial motivating and substantial factor in Defendants' retaliation against Plaintiff and wrongful termination of Plaintiff's employment.

83.     As a direct and proximate result of the unlawful and discriminatory actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff was caused to suffer, and continues to suffer severe emotional distress, embarrassment, shame, emotional pain and suffering, equal work conditions, equal employment privileges and/or job advancement, thereby causing Plaintiff to sustain general damage in an amount as yet unascertained but subject to proof.

84.     As a further direct and proximate result of the unlawful and discriminatory actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff suffered loss of earnings and earning capacity, all in an amount as yet unascertained but subject to proof.

85.     As a further direct and proximate result of the unlawful and discriminatory actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff has become emotionally distressed and physically ill, all to Plaintiff's damage in an amount as yet unascertained but subject to proof.

86.     As a further direct and proximate result of the unlawful and discriminatory actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff has been denied interest on the principal amounts of earnings to which Plaintiff is due.

87.     As a further direct and proximate result of the unlawful and discriminatory actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff has incurred and will incur reasonable attorney fees in prosecuting this action.  Plaintiff is entitled to recovery of all said attorney fees pursuant to Sections 12940 and 12965 of the California Government Code.

88.     Plaintiff is informed and believes, and thereupon alleges, that Defendants acted against Plaintiff with intent to harm Plaintiff.  Plaintiff is further informed and believes, and thereupon alleges, that the misconduct of defendants was approved and ratified by Defendants and their corporate officers/managing agents.  The unlawful and discriminatory acts and omissions undertaken by the defendants, and each of them, as alleged hereinabove, were done willfully, oppressively and maliciously and with the intent to injure and oppress Plaintiff and, by reason thereof, Plaintiff is entitled to punitive and exemplary damages in an amount as yet unascertained but sufficient to punish and make an example of Defendants, and each of them.

## FIFTH CAUSE OF ACTION

### (Racial Discrimination)

(Alleged Against All Defendants)

89.     Plaintiff restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 88, inclusive, as though fully set forth herein.

90.     Plaintiff identifies as an African American female. Plaintiff is informed and believes that Plaintiff was wrongfully terminated, in part, due to discrimination by defendants based upon Plaintiff's race and/or racial characteristics.

91.     Plaintiff is informed and believes and based thereon alleges that at all times mentioned in this Complaint the Defendants, and each of them, regularly employed 5 or more persons, bringing Defendants within the provisions of the Government Code Sections 12900 et. seq., which prohibits employers or their agents from various forms of discrimination.

92.     In performing the acts and omissions alleged hereinabove, the Defendants, and each of them, have violated public policy and the guarantees and provisions of law embodied in California <u>Government Code</u>, §§12940, 12945 et seq.; <u>California Labor Code</u> §233; <u>California Constitution,</u> Article I, §8; relevant provisions of the <u>California Fair Employment and Housing Act</u>; and relevant provisions of the <u>California Family Rights Act</u> in that Defendants, and each of them, have discriminated against and harassed Plaintiff on the basis of Plaintiff's ethnicity, race and/or race related characteristics.

93.     The actions of defendants in discriminating against Plaintiff based upon Plaintiff's age ethnicity, race and/or race related characteristics were ratified and approved by Defendants THIRTY MADISON, DOES 1 to 20, inclusive and ROES 1 to 20 at all times.  Furthermore, Plaintiff was ultimately wrongfully and unlawfully terminated based, in part, upon such complaints concerning Defendants' misconduct. The acts and omissions of the defendants, and each of them, in engaging in wrongful termination of Plaintiff were not based upon any legitimate employment reason or rationale.

94.     In performing the acts and omissions alleged hereinabove, the defendants, and each of them, have violated California public policy and the guarantees and provisions of law embodied in California <u>Government Code</u>, §12940 et seq., and other relevant law, in that defendants, and each of them, have discriminated against and

*Complaint For Damages*

harassed Plaintiff on the basis of Plaintiff's age, **race**, ethnicity, age, national origin, gender, sex, sexual orientation and/or physical disability.

95.     As a direct and proximate result of the unlawful and discriminatory actions undertaken and performed by the defendants, and each of them, as set forth hereinabove, Plaintiff was caused to suffer, and continues to suffer severe emotional distress, embarrassment, shame, emotional pain and suffering, equal work conditions, equal employment privileges and/or job advancement, thereby causing Plaintiff to sustain general damage in an amount as yet unascertained but subject to proof.

96.     As a further direct and proximate result of the unlawful and discriminatory actions undertaken and performed by the defendants, and each of them, as set forth hereinabove, Plaintiff suffered loss of earnings and earning capacity, all in an amount as yet unascertained but subject to proof.

97.     As a further direct and proximate result of the unlawful and discriminatory actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff has become emotionally distressed and physically ill, all to Plaintiff's damage in an amount as yet unascertained but subject to proof.

98.     As a further direct and proximate result of the unlawful and discriminatory actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff has been denied interest on the principal amounts of earnings to which Plaintiff is due.

99.     As a further direct and proximate result of the unlawful and discriminatory actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff has incurred and will incur reasonable attorney fees in prosecuting this action.  Plaintiff is entitled to recovery of all said attorney fees pursuant to Sections 12940 and 12965 of the California Government Code.

100.    Plaintiff is informed and believes, and thereupon alleges, that Defendants acted against Plaintiff with intent to harm Plaintiff.  Plaintiff is further informed and

believes, and thereupon alleges, that the misconduct of Defendants was approved and ratified by Defendants THIRTY MADISON, DOES 1 to 20, inclusive and ROES 1 to 20 and their corporate officers/managing agents. The unlawful and discriminatory acts and omissions undertaken by the defendants, and each of them, as alleged hereinabove, were done willfully, oppressively and maliciously and with the intent to injure and oppress Plaintiff and, by reason thereof, Plaintiff is entitled to punitive and exemplary damages in an amount as yet unascertained but sufficient to punish and make an example of Defendants, and each of them.

## SIXTH CAUSE OF ACTION

## (UNLAWFUL BUSINESS PRACTICES PROHIBITED BY BUSINESS & PROFESSIONS CODE §17200)

### (Alleged Against All Defendants)

101. Plaintiff restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 100, inclusive, as though fully set forth herein.

102. Defendants' violations of the law, consumer fraud, and violations of the Labor Code, including wage statute and orders, outlined in the preceding causes of action, were unfair and/or unlawful and/or fraudulent and thus constitute unlawful business practices prohibited by Business & Professional Code §§17200 et seq. By means of these practices, defendants gained an unfair competitive advantage with respect to other competing companies in California which adhered to lawful norms of business conduct.

103. An employer which practices shady practices has an unfair competitive advantage over employers who comply with the laws. Further, the UCL's remedies are cumulative to other remedies available to Plaintiff. (Bus. & Prof. Code, §17205.)

104. The victims of these unfair, fraudulent and/or illegal business practices, include, but are not limited to Plaintiff and other employees, consumers in the State of California, competing companies in the State of California, and the general public. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, performed the above-

mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff directly, employees, other competitors, and the general public.

105.    The acts constitute continuing and ongoing unlawful activities prohibited by Business and Professions Code sections 17000 et.seq. and 17200 et.seq., and justify all remedies pursuant to Business and Professions Code Section 17205.

106.    Moreover, under Business and Professions Code Section 17203, Plaintiff is entitled to an order of restitution, commanding Defendants to disgorge to Plaintiff all money and property acquired by means of these practices.

### SEVENTH CAUSE OF ACTION FOR PHYSICAL DISABILITY DISCRIMINATION

**(California Government Code § 12900 et seq.)**

107.    Plaintiff restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 106, inclusive, as though fully set forth herein.

108.    Defendants are persons, entities and/or employers governed by Government Code § 12940(a) et seq.

109.    In or about March, 2024 the Plaintiff advised Defendants, by and through their managing agents and officers, that she was pregnant.  As such, Defendants were on notice from March, 2024 that Plaintiff was subject to a recognized disability under Government Code §12900 et seq.

110.  Commencing in March, 2024, in full knowledge that Plaintiff had a disclosed and recognized disability under California law, the Defendants harassed Plaintiff and discriminated against her for requiring a medical leave.

111.  Therefore, at all times relevant herein, Plaintiff was a qualified individual with a physical disability or medical condition that limited her activities of daily living. At all times herein, Plaintiff had a "physical disability" which includes, but is not limited to, all of the following:  (1) Having any physiological disease, disorder, condition, ...or anatomical loss that does both of the following:

(A)    Affects one or more of the following body systems:  neurological, immunological, [or] respiratory [and]

(B)    Limits a major life activity, including physical, mental and social activities and working.

112.    Despite this disability or medical condition, Plaintiff was, and is, able to perform the essential functions of Plaintiff's job with reasonable accommodations.

113.    Defendants, and each of them, knew of Plaintiff's disabilities and knew or should have known that they fell within the definition of disability under Government Code §12926.  Defendants further knew or should have known, and do know and are aware, that despite this disability, Plaintiff could and can perform the essential functions of Plaintiff's job with reasonable accommodations.

114.    Despite their knowledge of the foregoing, defendants took adverse actions against Plaintiff, including failing to accommodate Plaintiff's disability and/or medical condition.  It was unlawful for Defendants, because of Plaintiff's disabilities, to discriminate against Plaintiff in the terms, conditions, or privileges of employment. Plaintiff was treated differently by Defendants than other employees without a disability.

115.    Defendants have violated their policies and practices, and committed unlawful discriminatory acts including but not limited to the following:

(a)    A pattern, policy and practice of disability discrimination.

(b)    A policy, practice and procedure of unfair and discriminatory selection, transfer and reassignment for persons with disabilities.

(c)    The total ineffectiveness, insensitivity, bias, futility, unreasonableness of Defendants' human resources department and their management, administrators, directors, officers and staff, as well as the quality of any meaningful, internal complaint or grievance procedures or reviews.

*Complaint For Damages*

(d)     Defendants' failure to take all reasonable steps necessary to prevent discrimination from occurring and to take measures that were reasonably calculated to end the discrimination against Plaintiff.

(e)     Defendants' failure to adequately train, discipline or monitor its managers, employees or agents after it had knowledge and notice of their discriminatory conduct toward Plaintiff.

116.    By the use of such policies, practices and tactics against Plaintiff, Defendants and each of them, have violated the intent and goal of such equal employment opportunities program to eliminate discrimination against disabled employees. Plaintiff was deprived of Plaintiff's employment and any promotional opportunities to advance within Defendants' company.

117.    In performing the acts and omissions alleged hereinabove, the Defendants, and each of them, have violated public policy and the guarantees and provisions of law embodied in California Government Code, §§12940, 12945 et seq.; California Labor Code §233; California Constitution, Article I, §8; Cal. Code Regs. Tit. 2, § 11042 - Pregnancy Disability Leave; relevant provisions of the California Fair Employment and Housing Act; and relevant provisions of the California Family Rights Act in that defendants, and each of them, have discriminated against and harassed Plaintiff on the basis of Plaintiff's physical disability.

118.    The unlawful actions of corporate officers, managing supervisors and agents, were ratified and approved by defendants, in that such Defendants knew that corporate officers, managing supervisors and agents were previously and concurrently harassing and discriminating against Plaintiff. Defendants further violated California Government Code 12940 et seq. and Title 2, California Code of Regulations, § 7287.5 et seq. by failing to adequately supervise, prohibit, control, regulate, discipline and/or otherwise penalize the conduct, acts and failure to act of its management, employees or agents in dealing with the issues raised by Plaintiff. Plaintiff complained to people who

were in upper management of defendants' of discriminatory conduct, yet Defendants failed to take immediate and corrective action.  In engaging in the foregoing conduct Defendants have aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

119.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre judgment interest pursuant to Civil Code §3287 and/or any other provision of law providing for pre judgment interest.

120.    As a result of the unlawful employment practices described herein, Plaintiff has sought, and will continue to need, medical treatment for these injuries and has, and will incur medical expenses for the same.  Plaintiff has incurred costs and expenses to seek medical attention due to the discrimination Plaintiff underwent in an amount exceeding the maximum jurisdiction of municipal court.

121.    As a result of the aforesaid acts of Defendants, Plaintiff claims damages for emotional distress, general anxiety, grief, shame, humiliation, embarrassment, anger, disappointment and worry, all to Plaintiff's general damage, at a minimum, in excess of the maximum jurisdiction of the municipal court.

122.    In addition, pursuant to Government Code § 12970, Plaintiff requests that Plaintiff be awarded damages for emotional injuries because the effects of discrimination by defendants on the Plaintiff affected Plaintiff's:  (1) Physical and mental well-being; (2) Personal integrity, dignity and privacy; (3) Ability to work, earn a living, and advance in Plaintiff's career; (4) Personal and professional reputation; (5) Family relationships and (6.) Access to the job and ability to associate with peers and coworkers, in an amount to be proven at the time of trial.

123.    As a result thereof, Plaintiff has suffered loss of salary and other employee benefits both past and future.  As a result of said conduct, Plaintiff has suffered other

compensable damages under the Government Code § 12940 et seq.  Plaintiff claims all such amounts as economic damages together with prejudgment interest at the legal rate.

124.    The acts of Defendants and each of them were performed with the knowledge and threat of an employer's economic power over its employee.  The above described acts of defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and his rights.  The acts and omissions to act by Plaintiff's supervisors, were approved, tolerated, ratified and condoned by defendants.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code §3294.  Plaintiff requests an assessment of punitive damages against defendants, in an amount to be proven at time of trial.

125.    Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code § 1021.5) as well as Government Code § 12965(b).

## EIGHTH CAUSE OF ACTION FOR FAILURE TO MAKE REASONABLE ACCOMMODATION FOR PHYSICAL DISABILITY

### (California Government Code §12940(m))

126.    Plaintiff restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 125, inclusive, as though fully set forth herein.

127.    At all times herein, Defendants unjustifiably failed and refused to make reasonable accommodations for Plaintiff's disabilities and/or medical condition. Specifically, Defendants failed and refused to provide Plaintiff with accommodation on Plaintiff's schedule to allow for Plaintiff to have necessary medical treatment related to Plaintiff's disclosed disabilities and/or medical conditions, or modify Plaintiff's work duties in a reasonable manner, or allow for Plaintiff to take pregnancy leave as planned.

128.    In performing the acts and omissions alleged hereinabove, the Defendants, and each of them, have violated public policy and the guarantees and provisions of law embodied in California Government Code, §§12940, 12945 et seq.; California Labor Code §233; California Constitution, Article I, §8; Cal. Code Regs. Tit. 2, § 11042 - Pregnancy Disability Leave; relevant provisions of the California Fair Employment and Housing Act; and relevant provisions of the California Family Rights Act in that Defendants, and each of them, have discriminated against and harassed Plaintiff on the basis of Plaintiff's physical disability.

128.    The unlawful actions of corporate officers, managing supervisors and agents, were ratified and approved by defendants, in that such Defendants knew that corporate officers, managing supervisors and agents were previously and concurrently harassing and discriminating against Plaintiff.  Defendants further violated California Government Code 12940 et seq. and Title 2, California Code of Regulations, §7287.5 et seq. by failing to adequately supervise, prohibit, control, regulate, discipline and/or otherwise penalize the conduct, acts and failure to act of its management, employees or agents in dealing with the issues raised by Plaintiff.  Plaintiff complained to people who were in upper management of defendants' of discriminatory conduct, yet Defendants failed to take immediate and corrective action.  In engaging in the foregoing conduct Defendants have aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

129.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for pre judgment interest.

130.    As a result of the unlawful employment practices described herein, Plaintiff has sought, and will continue to need, medical treatment for these injuries and has, and

will incur medical expenses for the same.  Plaintiff has incurred costs and expenses to seek medical attention due to the discrimination Plaintiff underwent in an amount exceeding the maximum jurisdiction of municipal court.

131.    As a result of the aforesaid acts of Defendants, Plaintiff claims damages for emotional distress, general anxiety, grief, shame, humiliation, embarrassment, anger, disappointment and worry, all to Plaintiff's general damage, at a minimum, in excess of the maximum jurisdiction of the municipal court.

132.    In addition, pursuant to Government Code §12970, Plaintiff requests that Plaintiff be awarded damages for emotional injuries because the effects of discrimination by Defendants on the Plaintiff affected Plaintiff's:  (1) Physical and mental well-being; (2) Personal integrity, dignity and privacy; (3) Ability to work, earn a living, and advance in Plaintiff's career; (4) Personal and professional reputation; (5) Family relationships and (6.) Access to the job and ability to associate with peers and coworkers, in an amount to be proven at the time of trial.

133.    As a result thereof, Plaintiff has suffered loss of salary and other employee benefits both past and future.  As a result of said conduct, Plaintiff has suffered other compensable damages under the Government Code § 12940 et seq.  Plaintiff claims all such amounts as economic damages together with prejudgment interest at the legal rate.

134.    The acts of Defendants and each of them were performed with the knowledge and threat of an employer's economic power over its employee.  The above described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights.  The acts and omissions to act by Plaintiff's supervisors, were approved, tolerated, ratified and condoned by defendants.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code §3294.  Plaintiff

Complaint For Damages

requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

135.    Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code § 1021.5) as well as Government Code § 12965(b).

## NINTH CAUSE OF ACTION FOR FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS AGAINST DEFENDANTS

### (California Government Code §12940(n) et seq.)

136.    Plaintiff restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 135, inclusive, as though fully set forth herein.

137.    At all times herein, Defendants failed to engage in a timely, good faith interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's disabilities and/or medical conditions.  Time after time, Plaintiff attempted to discuss Plaintiff's medical conditions with Defendants and to explain how Plaintiff's disabilities could be easily accommodated.  Plaintiff's efforts were rebuffed each time.

138.    This good faith, interactive process required that Defendants analyze job functions to establish the essential and nonessential job tasks, to identify the barriers to job performance, to consult and cooperate with disabled employees, and to discover the precise limitations and the types of accommodations which would be most effective, in terms of enabling Plaintiff to successfully perform Plaintiff's job or a suitable alternative.

139.    Defendants failed to meet, discuss, identify or assess the range of possible reasonable accommodations with Plaintiff.  The expressed choice of Plaintiff should have been given primary consideration unless another effective accommodation existed that would provide a meaningful equal employment opportunity.  Defendants failed to:

(1)    Look at the particular job involved.  Determine its purpose and its essential functions.

(2)    Consult with the individual with the disability to find out the specific

-31-

physical or mental abilities and limitations.

(3)     Consult with the individual, identify potential accommodations and assess how effective each would be enabling the individual to perform essential job functions.

(4)     Consider the preferences of the individual with the disability and select the accommodation that best serves the needs of the individual to the employer, if there are several effective accommodations that would provide an equal opportunity.

140.    Defendants also knew, or should have known, of the need to accommodate Plaintiff's disabilities, including the need to engage in the interactive process to determine how to achieve a reasonable accommodation for Plaintiff. However, Defendants failed and refused to engage in the interactive process with Plaintiff, despite Plaintiff's specific request(s) for consideration of accommodations. Defendants subsequently unjustifiably terminated Plaintiff without cause while indicating a refusal to discuss reasonable accommodations of Plaintiff's disabilities.

141.    Plaintiff realleges the damage allegations of Paragraphs 128 through 135.

## TENTH CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

(Violations of Government Code §12945.2 et seq.)

142.   Plaintiff restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 141, inclusive, as though fully set forth herein.

143.   At all relevant times, Plaintiff was fully qualified for protected pregnancy leave from her employment with Defendants pursuant to Government Code §12945.2 et seq., including the following reasons:

A.     Plaintiff had been employed continuously by Defendants for well in excess of twelve (12) months prior to becoming qualified for the pregnancy leave;

-32-

B.   Plaintiff had worked well in excess of 1,250 hours in the twelve (12) month period before her scheduled pregnancy leave;

C.   Defendants employed well in excess of five (5) employees

144.   Defendants knowingly denied Plaintiff pregnancy leave, and instead wrongfully terminated Plaintiff's employment in violation of the law.

145.   Defendants knowingly and willfully refused to reinstate Plaintiff's employment when demanded.

146.    Plaintiff realleges the damage allegations of Paragraphs 128 through 135.

## ELEVENTH CAUSE OF ACTION FOR

## UNPAID OVERTIME, WAGES AND RELATED PENALTIES

**[Violations of Labor Code§510, §512, §515, §1194 and §1198 et seq.]**

**(Alleged by Plaintiff against all Defendants)**

147.   Plaintiff restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 146, inclusive, as though fully set forth herein.

148.   Commencing in or about March, 2021 defendants consistently and willfully refused to pay and failed to pay Plaintiff overtime, proper wages, meal and rest periods and vacation pay as required by the Labor Code, including Labor Code §512 et seq.

149.   At the time of wrongful termination of Plaintiff, Defendants failed to pay Plaintiff accumulated bonuses, incentives and other wages accrued and owing to Plaintiff, and still outstanding as owed to Plaintiff to date.

150.   During Plaintiff's employment she was willfully mis-classified by Defendants, and forced to routinely work in excess of eight (8) hours per day, and in excess of forty (40) hours per week, without compensation for overtime.

151.    Plaintiff has sustained substantial damages as a result of Defendants' willful  and intentional misconduct, and is entitled to full restitution of all unpaid wages, salary,

overtime, meal and rest periods benefits and vacation pay that have been due and owing to Plaintiff since March, 2021 to present.

152.    Pursuant to provisions of the Labor Code, including Labor Code §1194, Plaintiff is entitled to seek and recover from Defendants the unpaid balance of the full amount of all unpaid and due wages and overtime compensation.  Plaintiff is further entitled to seek and recover from Defendants all further damages, including interest on all sums due and payable by Defendants, penalties and to recover reasonable attorney's fees and costs of suit.

153.  Furthermore, At all times relevant to this Complaint, California Labor Code §226 was in effect and binding on Defendants.  That Labor Code section provides that employers must provide itemized statements to their employees.  California Labor Code §226(a) specifically requires every employer to furnish each of its employees an **accurate** itemized written statement semimonthly or at the time each wage payment.  The itemized written statement must be accurate and show the following:.."all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee".

154.  Plaintiff believes and thereon alleges that Defendants willfully refused to provide and failed to furnish Plaintiff with proper **accurate** itemized written statements which contained proper **accurate** wage itemization.  A means of retaliating against Plaintiff by Defendants was to intentionally underpay Plaintiff for hours worked, and to misrepresent/miscalculate Plaintiff's earnings and hours.

155.  Plaintiff further believes and thereon alleges that Defendants failed to furnish Plaintiff with proper itemized written statements which contained the corresponding number of hours worked by Plaintiff during the scope of Plaintiff's employment, failed to reflect the correct rate of pay for Plaintiff, and failed to accurately reflect Plaintiff's hours worked.

156.   Plaintiff alleges that a result of Defendants' failure to furnish Plaintiff with proper itemized wage statements, Plaintiff is entitled to wages and penalty in the amount of $4,000.00 pursuant to Labor Code §226(e).

157.   At all times relevant to this Complaint, California Labor Code §226 was also in effect and binding on Defendants.  That Labor Code provides that employers must provide **accurate** itemized statements to their employees.  California Labor Code §226(a) specifically requires every employer to furnish each of its employees an itemized written statement semimonthly or at the time each wage  payment.  The itemized written statement must be accurate and show the following:…….''all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee''.

158.  Plaintiff believes and thereon alleges that Defendants willfully refused to provide and failed to furnish Plaintiff with proper and **accurate** itemized written statements which contained proper wage itemization, i.e. the applicable hourly rate concerning all the regular hours and overtime hours that Plaintiff worked during the scope of Plaintiff's employment.

159.  Plaintiff further believes and thereon alleges that Defendants failed to furnish Plaintiff with proper itemized written statements which contained the corresponding number of regular time hours and overtime hours worked by Plaintiff during the scope of Plaintiff's employment.

160.  A violation of §226 results in §226.3 wages and penalties.  The California Labor Code § 226.3 provides in pertinent part that:

> "Any employer who violates subdivision (a) of Section 226
> shall be subject to a civil penalty in the amount of two
> hundred fifty dollars ($250) per employee per violation in an
> initial citation and one thousand dollars ($1000) per employee
> for each violation in a subsequent citation, for which the

employer fails to provide the employee a wage deduction statement or fails to keep records required in subdivision (a) of Section 226.  The civil penalties provided for in this section are in addition to any other penalty provided by law . . . ."

161.  Plaintiff alleges that the California Labor Code §226.3 penalties apply to each and every pay period during Plaintiff's employment with Defendants during the applicable period for a maximum of four years preceding the filing of this Complaint.

162.   Plaintiff alleges that as a result of defendants' failure to furnish Plaintiff with proper itemized wage statements, and failed to pay Plaintiff proper wage amounts, Plaintiff is entitled to penalties pursuant to Labor Code §226.3 within the applicable statute of limitation;

163.  California Labor Code §§201, 202 and 203 were also in effect and binding on defendants.  California Labor Code §201 requires that an employer promptly pay all wages to an employee relating to time worked, and any overtime work performed by employees.  Willful violation of said Labor Code section by an employer is considered a "waiting time violation" and subjects an employer to the penalties provided under Labor Code §§201; 202; 203.

164.  California Labor Code §203 provides wages and penalties for the employer's willful failure to pay all wages due to an employee.  Those wages and penalties consist of an amount equal to the sum of the employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not to exceed the equivalent of 30 days' pay.

165.  Plaintiff alleges that Defendants willfully refused and failed to pay all the wages due to Plaintiff relating to time worked, and overtime work.  Plaintiff alleges that Plaintiff is therefore entitled to wages and penalties pursuant to California Labor Code §203.

166.  Plaintiff further demands reasonable attorney's fees, costs of suit, and interest pursuant to California Labor Code §218.5.

**WHEREFORE**, Plaintiff prays judgment against the Defendants, and each of them, as follows:

1.    For general and special damages according to proof;

2.    For penalties and interest pursuant to applicable law;

3.    For loss of earnings and earning capacity, according to proof;

4.    For pre-judgment interest to the extent allowed by law;

5.    For costs of suit incurred herein;

6.    For punitive and/or exemplary damages in an amount to punish Defendants;

7.    For attorney's fees and costs in prosecuting this action;

8.    For statutory penalties;

9.    For such other and further relief as the Court deems just and proper.

## PLAINTIFF DEMANDS TRIAL BY JURY.

COMES NOW the Plaintiff who, pursuant to the United States Constitution, hereby demands Trial by jury as to all Causes of Action and issues in this Complaint, in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 23, 2025                    THE NOVAK LAW FIRM, P.C.


                                                         SEAN M. NOVAK
                                                         Attorney For Plaintiff
                                                         ANNAMARIE ATIBA

*Complaint For Damages*